Tremblay v. Mohegan Sun Casino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand fifteen.

PRESENT:
> **ROSEMARY S. POOLER,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges,*
> **JOHN GLEESON,**[1]
> > *District Judge.*

———————————————————————

**Elizabeth Tremblay,**

> *Plaintiff-Appellant*,

> v.

**Mohegan Sun Casino,**

> *Defendant-Appellee*.

14-2031-cv

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Elizabeth Tremblay, pro se, Griswold, CT |
| **FOR DEFENDANT-APPELLEE:** | Proloy K. Das and Andrew L. Houlding, Rome McGuigan, P.C., Hartford, CT. |

_____

[1] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Elizabeth Tremblay, proceeding pro se, appeals from the district court's judgment dismissing her discriminatory discharge claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), accepting all material factual allegations as true. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Dismissal is appropriate "when the district court lacks the statutory or constitutional power to adjudicate" the matter. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Id.*

The district court's dismissal of plaintiff's Title VII claim was proper because Title VII expressly excludes American Indian tribes from its definition of covered employers. 42 U.S.C. § 2000e(b). The exclusion extends to the arms and agencies of an American Indian tribe. *See Garcia v. Akwesasne Housing Authority*, 268 F.3d 76, 88 (2d Cir. 2001). Because the defendant here is a corporation owned by an agency of a federally recognized American Indian tribe, *see Kizis v. Morse Diesel Inter., Inc.*, 260 Conn. 46, 48−49 & n.1 (2002), it is not an employer under Title VII. Accordingly, the district court lacked subject matter jurisdiction over Tremblay's Title VII claim because Congress has expressly exempted the defendant from suit.

Unlike Title VII's definition of employer, the ADEA's definition of employer does not exclude American Indian tribes. *Compare* 42 U.S.C. § 2000e(b) (Title VII), *with* 29 U.S.C. § 630(b) (ADEA). Nonetheless, "[a]s a matter of federal common law, an Indian tribe enjoys sovereign immunity from suit except where 'Congress has authorized the suit or the tribe has waived its immunity.'" *Garcia*, 268 F.3d at 84 (quoting *Kiowa Tribe v. Manufacturing Techs, Inc.*, 523 U.S. 751, 754 (1998)). Agencies of a tribe enjoy "the same presumption of immunity" in a suit for damages. *Id.*; *see also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000). The Supreme Court has explained that, "[t]o abrogate tribal immunity, Congress must unequivocally express that purpose," and "to relinquish its immunity, a tribe's waiver must be clear." *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001) (internal quotation marks omitted). Congress has not unequivocally expressed its purpose to abrogate tribal sovereign immunity pursuant to the ADEA, *Garcia*, 268 F.3d at 86, nor has plaintiff identified any applicable waiver of immunity from such suits in federal court. Accordingly, tribal sovereign immunity barred Tremblay's ADEA claim.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3